# In the United States Court of Federal Claims

No. 11-453C

(Filed: January 17, 2012)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| \* |  |
| \* |  |
| \* |  |
| **SUFI NETWORK SERVICES, INC.,** \* | Contractor's Claim under Non- |
| \* | CDA Disputes Clause; CO's |
| \* | Failure to Issue Timely Final |
| **Plaintiff,** \* | Decision; Material Breach of |
| \* | Disputes Clause; Contractor Not |
| **v.** \* | Required to Exhaust Administrative |
| \* | Remedies; NAFI Entity. |
| **THE UNITED STATES,** \* |  |
| \* |  |
| **Defendant.** \* |  |
| \* |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Frederick W. Claybrook, Jr.*, with whom was *Brian T. McLaughlin*, Crowell & Moring LLP, Washington, D.C., for Plaintiff.

*Douglas T. Hoffman*, with whom were *Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Steven J. Gillingham*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

OPINION AND ORDER

WHEELER, Judge.

This case involves the claim of Plaintiff, SUFI Network Services, Inc. ("SUFI") for attorneys' fees, expenses and interest following litigation before the Armed Services Board of Contract Appeals ("ASBCA"). The dispute arises from SUFI's April 26, 1996 task order contract with the U.S. Air Force Non-Appropriated Funds Purchasing Office ("AFNAFPO") to provide telephone service in the lodging rooms on Air Force bases in Germany. The contract contained a 1979 version of the standard Disputes clause, providing that the contractor could appeal from a contracting officer's final decision only to the ASBCA. Although SUFI litigated its underlying contract claims at the ASBCA, it brought suit directly in this Court after the contracting officer failed to issue a final

decision within a reasonable timeframe on SUFI's subsequent, separate claim for attorneys' fees and expenses.

Defendant filed a motion to dismiss under Rules of the Court ("RCFC") 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. In support of its motion, Defendant argues that the 1979 Disputes clause is valid and enforceable, and SUFI must exhaust its administrative remedies before seeking judicial relief. While SUFI acknowledges its obligation to exhaust administrative remedies, it asserts that the agency breached the clause by failing to issue a contracting officer's final decision within a reasonable timeframe. Therefore, according to SUFI, the Disputes clause is unenforceable, and SUFI may seek redress directly in this Court. For the reasons explained below, the Court agrees with SUFI and DENIES Defendant's motion.

<u>Factual Background</u>[1]

On April 26, 1996, SUFI entered into a task order contract with the AFNAFPO for the installation and operation of telephone systems for lodging facilities at Air Force bases in Germany.[2] <u>SUFI CFC II</u>, No. 11-804C, Compl. (Nov. 30, 2011), at 2-3 ¶¶ 8-10. SUFI has stipulated that the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601-613 (2006) (current version at 41 U.S.C. §§ 7101-7109), does not apply. Compl. (Jul. 8, 2011), at 1 ¶ 2; <u>see also</u> Def.'s Mot. (Oct. 6, 2011), at 5.

Prior to SUFI's installation of the telephone systems, the Air Force lodging facilities generally lacked telephone service in the guest rooms. <u>SUFI CFC II</u>, No. 11-804C, Compl. (Nov. 30, 2011), at 2-3 ¶ 8. However, many facilities had common telephones in the hallways and lobbies, which allowed for free calling over the Defense Switched Network ("DSN"). <u>Id.</u> at 2-3 ¶¶ 8, 12. SUFI satisfactorily installed the

---

[1] The facts in this opinion do not constitute findings of fact by the Court. Rather, the Court takes the facts from the parties' filings in the various legal proceedings pertaining to this matter. The Court is satisfied that the material facts necessary to render its decision, as set forth in this opinion, are not in dispute. The Court refers in this opinion to eleven SUFI decisions by the ASBCA and two SUFI cases pending before the Court. For clarity, the Court refers to the ASBCA decisions as "<u>SUFI ASBCA I</u>" and "<u>SUFI ASBCA II</u>," in sequence through "<u>SUFI ASBCA XI</u>." Similarly, the Court designates the two pending court cases as "<u>SUFI CFC I</u>" and "<u>SUFI CFC II</u>." Since these two cases share a common record, <u>SUFI CFC II</u>, No. 11-804C, Notice of Related Case (Nov. 30, 2011), at 1, the Court cites liberally to both cases.

[2] At the time of contracting, SUFI did business under the name "USFI Network Services, Inc." <u>SUFI CFC II</u>, No. 11-804C, Compl. (Nov. 30, 2011), at 1-2 ¶ 3. In this opinion, the Court refers to SUFI by its present name. The AFNAFPO is a non-appropriated funds instrumentality ("NAFI"), a classification of administrative entity with historic significance that no longer affects the Court's analysis. See <u>Slattery v. United States</u>, 635 F.3d 1298, 1321 (Fed. Cir. 2011) (en banc) ("[T]he jurisdictional foundation of the Tucker Act [28 U.S.C. § 1491(a)(1) (2006)] is not limited by the appropriation status of the agency's funds or the source of funds by which any judgment may be paid.").

telephone systems at each Air Force base for which the AFNAFPO had issued a task order.  Id. at 3 ¶ 10.

Pursuant to the terms of the contract, SUFI installed the telephone systems at its own cost and provided proprietary long-distance calling services over the systems.  Id. at 3 ¶ 8.  SUFI's remuneration came entirely from telephone charges for off-base calls.  Id. Disagreements first arose when the Air Force refused to disable or remove the free communal DSN phones in the hallways and lobbies, id. at 3 ¶ 12, and they reached a crescendo when the Air Force ordered SUFI to accept calling cards from competing long-distance providers for use over the guest room phones, id. at 3-4 ¶ 12.  Administrative proceedings ensued, ultimately resulting in eleven reported decisions from the ASBCA.[3]

On August 17, 2004, the ASBCA entered a declaratory judgment that the AFNAFPO was in material breach, entitling SUFI to cancel the contract.  See SUFI ASBCA II, ASBCA No. 54503, 04-2 BCA ¶ 32,714.  Shortly thereafter, on August 25, 2004, SUFI notified the contracting officer, Mr. Cedric K. Henson, that it intended to stop work and cancel the contract after "an orderly transition of services."  SUFI CFC II, No. 11-804C, Compl. (Nov. 30, 2011), at 4 ¶ 13.  On April 1, 2005, the parties executed a "Partial Settlement Agreement."  Id.  The settlement agreement provided for SUFI to stop work by May 31, 2005, for the Air Force to assume the operation and ownership of SUFI's on-base systems, and for the Government to pay interest on any monetary claims SUFI brought under the contract.[4]  Id.  The Air Force assumed operation and ownership of the on-base systems on June 1, 2005.  Id.

Procedural History

A. Administrative Proceedings

SUFI submitted 28 monetary claims to Mr. Henson under the contract and settlement agreement on July 1, 2005.  Id. at 4 ¶ 14.  In a written final decision dated April 17, 2006, Mr. Henson either denied the claims outright or proffered a settlement amount that SUFI rejected.  Id.  SUFI appealed to the ASBCA pursuant to the Disputes clause of the contract.  Id.  The Disputes clause stated as follows:

---

[3] See SUFI ASBCA I, ASBCA No. 54503, 04-1 BCA ¶ 32,606 (Apr. 22, 2004); SUFI ASBCA II, ASBCA No. 54503, 04-2 BCA ¶ 32,714 (Aug. 17, 2004); SUFI ASBCA III, ASBCA No. 54503, 04-2 BCA ¶ 32,788 (Nov. 1, 2004); SUFI ASBCA IV, ASBCA No. 55306, 06-2 BCA ¶ 33,444 (Nov. 8, 2006); SUFI ASBCA V, ASBCA No. 55306, 07-1 BCA ¶ 33,485 (Feb. 7, 2007); SUFI ASBCA VI, ASBCA No. 55306, 07-1 BCA ¶ 33,535 (Mar. 21, 2007); SUFI ASBCA VII, ASBCA No. 55948, 08-1 BCA ¶ 33,766 (Jan. 9, 2008); SUFI ASBCA VIII, ASBCA No. 55306, 09-1 BCA ¶ 34,018 (Nov. 21, 2008); SUFI ASBCA IX, ASBCA No. 55306, 09-2 BCA ¶ 34,201 (Jul. 15, 2009); SUFI ASBCA X, ASBCA No. 55306, 10-1 BCA ¶ 34,327 (Dec. 14, 2009); SUFI ASBCA XI, ASBCA No. 55306, 10-1 BCA ¶ 34,415 (Apr. 5, 2010).

[4] The Court need not rule upon SUFI's interest claim at this stage of the proceedings.

DISPUTES (1979 DEC)

     a.     Except as otherwise provided in this contract, any dispute or claim concerning this contract which is not disposed of by agreement shall be decided by the Contracting Officer, who shall state his decision in writing and mail or otherwise furnish a copy of it to the Contractor.  Within 90 days from the date of receipt of such copy, the Contractor may appeal by mailing or otherwise furnishing to the Contracting Officer a written appeal addressed to the Armed Services Board of Contract Appeals, and the decision of the Board shall be final and conclusive; provided that if no such appeal is filed, the decision of the Contracting Officer shall be final and conclusive.  The Contractor shall be afforded an opportunity to be heard and to offer evidence in support of any appeal under this clause.  Pending final decision on such a dispute, however, the Contractor shall proceed diligently with the performance of the contract and in accordance with the decision of the Contracting Officer unless directed to do otherwise by the Contracting Officer.

     b.     This "Disputes" clause does not preclude consideration of law questions in connection with decisions provided for in paragraph "a" above, provided, that nothing in this contract shall be construed as making final the decision of any administrative official, representative, or board on a question of law.

Def.'s Mot. (Oct. 6, 2011), at 3.

     The ASBCA conducted a 23-day hearing between February 26, 2007 and May 10, 2007 in Falls Church, Virginia and at Ramstein Air Force Base, Germany.  SUFI CFC II, No. 11-804C, Compl. (Nov. 30, 2011), at 5 ¶ 17.  In a series of decisions issued November 21, 2008, July 15, 2009, December 14, 2009, and April 5, 2010, the ASBCA ultimately ruled in favor of SUFI on 22 of its 28 monetary claims, awarding damages, costs for claim preparation, and consultant expenses on the 22 successful claims.[5]  See SUFI ASBCA VIII, ASBCA No. 55306, 09-1 BCA ¶ 34,018, recons. granted in part, 09-2 BCA ¶ 34,201, and 10-1 BCA ¶ 34,327, and 10-1 BCA ¶ 34,415.  SUFI also requested attorneys' fees and expenses, but the ASBCA ruled that SUFI's request was not ripe because SUFI had yet to prevail on liability.  SUFI ASBCA VIII, ASBCA No. 55306,

---

[5] In SUFI's second complaint, filed on November 30, 2011, SUFI seeks review of the ASBCA's rulings on twelve of its monetary claims, largely concerning the amount of damages awarded.  See SUFI CFC II, No. 11-804C, at 6-7 ¶¶ 22-23.

09-1 BCA ¶ 34,018 at 168,289; <u>SUFI ASBCA IV</u>, ASBCA No. 55306, 06-2 BCA ¶ 33,444 at 165,780.

Consistent with the Disputes clause, SUFI submitted a four-page, single-issue claim for attorneys' fees to Mr. Henson on December 29, 2010, requesting his final decision within 60 days.  Pl.'s Mem. (Nov. 7, 2011), at 3; Compl. (Jul. 8, 2011), at 3 ¶ 11; <u>see</u> <u>also</u> Pl.'s Mem. Attach. A (Nov. 7, 2011) ("Claim for Attorneys' Fees and Expenses Related to Preparation of Successful Claims").  More than six months passed without any decision from the contracting officer.  On July 7, 2011, through agency counsel, the contracting officer notified SUFI by email that "it could consider the claim deemed denied in its entirety."  Compl. (Jul. 8, 2011), at 1-2, 4 ¶¶ 3, 18.

Mr. Henson had continuously served as the contracting officer from the time SUFI first made its monetary claims.  Pl.'s Mem. (Nov. 7, 2011), at 3.  He had issued the contracting officer's final decision on those claims and had attended the entire ASBCA hearing in 2007.  <u>Id.</u>

B. <u>Proceedings in this Court</u>

SUFI filed its first complaint in this Court on July 8, 2011, seeking attorneys' fees, interest and expenses for its successful ASBCA claims and the instant action, as well as interest under the Partial Settlement Agreement.  On October 6, 2011, Defendant moved to dismiss pursuant to RCFC 12(b)(1) and 12(b)(6).  SUFI filed an opposition brief on November 7, 2011.  Defendant filed a reply brief on November 21, 2011.

SUFI filed a second complaint on November 30, 2011, <u>see</u> No. 11-804C, seeking review of the ASBCA's merits determinations on its unsuccessful claims, and quantum determinations on various successful claims, under the Wunderlich Act, 41 U.S.C. §§ 321-22 (2006), <u>superseded by</u> 41 U.S.C. § 609 (2006) (current version at 41 U.S.C. §§ 7104, 7107), <u>as recognized in</u> <u>Essex Electro Eng'rs, Inc. v. United States</u>, 702 F.2d 998, 1002-03 (Fed. Cir. 1983); <u>Todd Constr., L.P. v. United States</u>, 88 Fed. Cl. 235, 242 n.2 (2009) (G. Miller, J.); <u>Parker v. United States</u>, 77 Fed. Cl. 279, 287 (2007) (Braden, J.).  The Court's decision herein is limited to Defendant's motion to dismiss.  This issue is fully briefed, and the Court deems oral argument unnecessary.

<u>Standard of Review</u>

In reviewing a motion to dismiss, the Court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences in [SUFI's] favor."  <u>Boyle v. United States</u>, 200 F.3d 1369, 1372 (Fed. Cir. 2000).  SUFI must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v.</u>

Gibson, 355 U.S. 41, 47 (1957)).   Accordingly, SUFI must provide more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).   "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."   Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1950 (2009).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   Id. at 1949 (quoting Twombly, 550 U.S. at 556).

<u>Discussion</u>

Defendant has moved to dismiss SUFI's July 8, 2011 complaint pursuant to RCFC 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.   The Court will address each of these grounds below.

A. RCFC 12(b)(1)

First, Defendant argues that (i) the Disputes clause governs and does not provide a basis for jurisdiction; and, in the alternative, (ii) SUFI lacks an administrative record on the attorneys' fees issue, which generally is a prerequisite for Wunderlich Act review under United States v. Carlo Bianchi & Company, Inc. and its progeny.   Def.'s Mot. (Oct. 6, 2011), at 3-5, 5 n.1; see also 373 U.S. 709, 717-18 (1963), superseded in part by Remand Act of Aug. 29, 1972, 86 Stat. 652 (codified at 28 U.S.C. § 1491(a)(2) (2006)). However, Defendant fails to account for recent controlling precedent from the U.S. Court of Appeals for the Federal Circuit, recognizing this Court's Tucker Act jurisdiction over breach of contract disputes with NAFIs, like the AFNAFPO.   Slattery v. United States, 635 F.3d 1298, 1321 (Fed. Cir. 2011) (en banc).   Thus, the Court will not dismiss SUFI's complaint for lack of subject matter jurisdiction.

B. RCFC 12(b)(6)

Next, Defendant argues that SUFI "has failed to state a claim upon which relief can be granted" under the Disputes clause.   Def.'s Mot. (Oct. 6, 2011), at 5.   Where the CDA does not apply and a cognizable disputes clause envisions a specific contractual remedy, a contractor generally must exhaust that remedy before seeking judicial redress. Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336, 1340-41 (Fed. Cir. 2000).   Here, the Disputes clause provides for SUFI to appeal only to the ASBCA.   Def.'s Mot. (Oct. 6, 2011), at 3 ("[T]he Contractor may appeal by mailing or otherwise furnishing to the Contracting Officer a written appeal addressed to the Armed Services Board of Contract Appeals.").

SUFI acknowledges the duty to exhaust contractual administrative remedies but argues the Court should excuse it from that duty because the contracting officer materially breached the Disputes clause by failing to issue a final decision within a reasonable timeframe.  The Court agrees.  Administrative exhaustion requirements apply only where there is a meaningful administrative remedy.  They do not apply where the agency has breached a contractual disputes clause or where no effective remedy existed in the first place.

Administrative exhaustion requirements are excusable upon "clear evidence" that an administrative remedy would be "inadequate or unavailable."  See United States v. Anthony Grace & Sons, Inc., 384 U.S. 424, 429-30 (1966) (quoting Joseph A. Holpuch Co. v. United States, 328 U.S. 234, 239-40 (1946)); see also United States v. Blair, 321 U.S. 730, 736 (1944).  While the adequacy of an administrative remedy is presumed, a contractor may rebut the presumption with clear evidence that the administrative remedy would be prejudicial due to procedural flaws.  Cf. Baltimore Contractors, Inc. v. United States, 643 F.2d 729, 734-35 (Ct. Cl. 1981) (analogizing the court's "exception[al]" jurisdiction over a Wunderlich Act claim challenging a board's procedurally "unfair" final decision to the court's authority to excuse administrative exhaustion requirements).  Concerning unavailability, this Court's longstanding test is whether a contracting officer's delay in issuing "a timely and appropriate decision" is unreasonable given "the existing facts and circumstances."  Universal Ecsco Corp. v. United States, 385 F.2d 421, 425 (Ct. Cl. 1967); New York Shipbuilding Corp. v. United States, 385 F.2d 427, 436 (Ct. Cl. 1967).

Defendant attempts to limit Universal Ecsco to its unique facts, involving a contracting officer's refusal to issue a final decision in an attempt to extort a favorable settlement.  See Def.'s Mem. (Nov. 21, 2011), at 6.  There is no evidence of such bad faith here.  However, the Court need not determine whether to "extend" Universal Ecsco to the present facts.  See id. at 6-7.  There are sufficient other authorities for SUFI to establish a plausible claim within the meaning of Twombly and Iqbal, both on a theory of inadequacy, see Baltimore Contractors, 643 F.2d 729, and on a theory of unavailability, see New Valley Corp. v. United States, 119 F.3d 1576 (Fed Cir. 1997); H. B. Zachry Co. v. United States, 344 F.2d 352 (Ct. Cl. 1965); Oliver-Finnie Co. v. United States, 279 F.2d 498 (Ct. Cl. 1960).

Since Defendant questions the applicability of the latter three authorities in its reply brief, see Def.'s Mem. (Nov. 21, 2011), the Court addresses each of them in turn.

### 1. New Valley Corporation

In New Valley, an associate administrator for the National Aeronautics and Space Administration ("NASA") failed to reconsider an agency's damages determination despite the contractor's compliance with the reconsideration procedures of the governing

disputes clause.  119 F.3d at 1579.  After more than four months, the contractor put NASA's head administrator on notice that it would consider the clause's procedures exhausted if he did not respond within nine days.  Id.  Approximately two months later, having received no response, the contractor filed suit in this Court.  Id. (internal footnote omitted).  The Federal Circuit ultimately characterized the contractor's compliance with the disputes clause as "exhaustion" rather than "excusal," see id. at 1580-82, to which Defendant cites with much fanfare.  See Def.'s Mem. (Nov. 21, 2011), at 4.

In considering "exhaustion" versus "excusal," the Court need not determine how many angels can dance on the head of a pin.  Whether characterized as "exhaustion" in the face of agency obstinacy, or "excusal" in the face of unreasonable delay or refusal to take action, the outcome in New Valley would have been the same: that relief was inadequate or unavailable at the administrative level.  Here, Mr. Henson did not respond to SUFI's multiple requests for a formal status report, and failed to provide even informal indications of claim status, for a period more than twice as long as in New Valley.  Pl.'s Mem. (Nov. 7, 2011), at 4.  As SUFI argues, see id., New Valley is on-point and "directly" supports excusing it from administrative exhaustion due to the contracting officer's material breach of the Disputes clause.

### 2. H. B. Zachry Company

In H. B. Zachry, a contractual disputes clause did not apply to a factual dispute in an underlying labor investigation, see 344 F.2d at 357, which resulted in a secondary contractual dispute when the Government withheld payments on account of the labor issue, id. at 354-55.  The contracting officer disclaimed jurisdiction over the disputed labor facts and refused to issue a final decision on the withheld payments issue from which the contractor could appeal to the ASBCA.  Id. at 356.  The Court of Claims exercised jurisdiction in the first instance.  See id. at 356-57.

Here, Defendant contends that the H. B. Zachry court's reasoning is mere dicta because the disputes clause did not apply to the underlying labor issue.  Def.'s Mem. (Nov. 21, 2011), at 4 n.3.  Defendant's contention is unconvincing.  After all, the disputes clause did apply to the resulting withheld payments issue.  If anything, in the present case, Mr. Henson failed to provide a substantiated final decision on the entire attorneys' fees issue, not just an underlying element.  H. B. Zachry provides further authority for the Court's jurisdiction despite SUFI's failure to exhaust its appeal to the ASBCA.

### 3. Oliver-Finnie Company

In Oliver-Finnie, a contracting officer failed to issue findings on a contractor's claim for a period of almost fifteen months before the Court of Claims exercised jurisdiction.  279 F.2d at 503.  Defendant distinguishes Oliver-Finnie from the present facts, stressing the delay there was much longer and that there was no final decision from

the contracting officer.  Def.'s Mem. (Nov. 21, 2011), at 5.  Thus, Defendant argues that pursuing an administrative appeal would have been much more burdensome for the contractor in <u>Oliver-Finnie</u> than in the present matter.  <u>Id.</u>

This reasoning is flawed.  Here, agency counsel emailed SUFI a cryptic "deemed denial" on attorneys' fees without any explanation of the bases, and in spite of SUFI's past successes at the ASBCA on the underlying monetary claims.  Without knowledge of any basis for the agency's position, appeal to the ASBCA would have been needlessly burdensome for SUFI.  Indeed, after waiting more than six months for an unsubstantiated email denial on an issue with which the contracting officer already was "intimately familiar," <u>see</u> Pl.'s Mem. (Nov. 7, 2011), at 3, SUFI had even less hope of expecting a forthcoming reasoned decision from the contracting officer at the time of filing than did the contractor in <u>Oliver-Finnie</u>.  Furthermore, to assign talismanic effect to *any* contracting officer's communication that is characterized as "final," no matter how sparse, would incentivize a race among contractors to file in the Court pre-decision, perversely undermining the very exhaustion norm the Government purports to protect.  <u>Oliver-Finnie</u> provides even more support for excusing SUFI from administrative exhaustion requirements.

Conclusion

For the foregoing reasons, the Court will not dismiss SUFI's July 8, 2011 complaint for failure to state a claim upon which relief can be granted.  Defendant's motion is DENIED.

In accordance with RCFC 12(a)(4)(A)(i), Defendant's answer to SUFI's July 8, 2011 complaint is due on or before February 1, 2012.  The parties are directed to submit their Joint Preliminary Status Report ("JPSR"), required by RCFC Appendix A, Rules 4 and 5, on or before February 24, 2012.  In this JPSR, the parties specifically should address whether the two SUFI cases should be consolidated.  Upon receipt of the JPSR, the Court will schedule a preliminary status conference with counsel for the parties.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge